IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONYA LEE PAGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:22-cv-00239 |
| SOCIAL SECURITY ADMINISTRATION, | ) ) JUDGE RICHARDSON |
| Defendant. | ) ) ) ) ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 25), wherein the Magistrate Judge recommends that the Court deny Plaintiff Sonya Lee Page's motion for judgment on the administrative record (Doc. No. 17) and affirm the Acting Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the reasons stated herein, the Court will adopt the R&R, and Plaintiff's motion will be denied.

## BACKGROUND

The R&R adequately states the allegations, undisputed facts, and respective positions of the parties. The Court, however, will provide a brief overview here, largely by citing to the R&R. (Doc. No. 25).

---

[1] Hereinafter, "the Court" refers to the undersigned district judge, as distinguished from the Magistrate Judge who issued the Report and Recommendation.

Plaintiff applied for DIB and SSI on November 12, 2019, alleging that she was unable to work because she had been disabled. *Id*. at 2. The Commissioner denied Plaintiff's applications initially and on reconsideration. *Id*. The Administrative Law Judge ("ALJ") then held a telephonic hearing at which Plaintiff appeared with a non-attorney representative and testified. *Id*. On February 26, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled for purposes of the Social Security Act and denied her claims for DBI and SSI. *Id*. The ALJ made the following findings, among others:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Limited to simple routine repetitive tasks and simple work-related decisions. Can interact appropriately with supervisors, co-workers, and the general-public. Can adapt to occasional changes in the workplace. Can maintain concentration, persistence, and pace for such tasks with normal breaks spread throughout the day.

(AR 22–30[2]). The Social Security Appeals Council then denied Plaintiff's request for review on February 14, 2022, making the ALJ's decision final. (AR 4–9).

On April 5, 2022, Plaintiff filed this action for review, arguing that remand is warranted because (according to Plaintiff) the ALJ violated SSA regulations by improperly evaluating a January 2015 medical opinion from Kathy Seigler, Psy.D., the Kentucky state agency consulting examiner.[3] Seigler opined that Plaintiff was "markedly limited in her ability to tolerate the stress and pressure of day-to-day employment[,]" "markedly limited in her ability to sustain attention and concentration[,] and moderately limited in her capacity to respond appropriately to supervisors and coworkers in a work setting." (Doc. No. 17–1, Page ID# 463, 465). In particular, Plaintiff

---

[2] The transcript of the administrative record (Doc. No. 14) is referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

[3] The Court notes that the January 2015 medical report at issue was a joint report signed by both Seigler and Emily Skaggs, Psy.D.

contends that the ALJ's "one-sentence cursory evaluation [ ] dismiss[ing] the findings of Seigler based solely on the date of assessment" "does not satisfy an ALJ's duty to explain the important factor of supportability" and that "[t]he ALJ further erred by failing to conduct any analysis as to the consistency of Seigler's opinion with other evidence of record." *Id*. The relevant portion of the ALJ's report is as follows:

> In regards to her mental health, in January of 2015, the claimant went to a psychological consultative examination at the request of the State agency disability determination service (Exhibit 1F). **The claimant reported she had a "nervous breakdown" in the early[ ]1990s. Dr. Kathy Seigler opined that the claimant had moderate and marked limitations. Her opinion is unpersuasive for the current period at issue because it is too old and it is not well supported by treatment evidence.**

(AR 27) (emphasis added). The Acting Commissioner counters that the ALJ complied with SSA regulations in his review and that substantial evidence in the record supports his decision. (Doc. No. 20). The Acting Commissioner argues, in the alternative, that any error in the ALJ's analysis was harmless. *Id*.

On August 2, 2023, the Magistrate Judge issued an R&R recommending denial of Plaintiff Sonya Lee Page's motion for judgment on the administrative record (Doc. No. 25). Plaintiff filed objections to the R&R on August 16, 2023 (Doc. No. 26).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' *before* the magistrate judge's final R&R." *See Meddaugh v. Gateway Financial Service*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the Report and Recommendation, the objections, and the file. For the reasons stated herein, the Court overrules Plaintiff's objections and adopts and approves the Report and Recommendation.

## **DISCUSSION**

The R&R recommends that the Court deny Plaintiff's motion for judgment on the administrative record and affirm the Acting Commissioner's decision denying Plaintiff applications for DIB and SSI. (Doc. No. 25 at 21).

When evaluating DIB and SSI claims filed after March 27, 2017, SSA regulations require the ALJ to "evaluate persuasiveness" of all medical opinions and prior administrative medical findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors including, but not limited to, evidence showing that the medical source is familiar with other evidence in the record or has an understanding of the SSA's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(a), (c)(1)–(5), 416.920c(a), (c)(1)–(5).[4]

---

[4] The regulations for claims filed before March 27, 2017 applied a different framework which"[g]enerally . . . g[a]ve more weight to the medical opinion of a source who ha[d] examined [the claimant] than to the

The regulations specifically demand that ALJs "articulate in [their] determination[s] or decision[s] how persuasive [they] find all of the medical opinions" in a claimant's record. *Id*. §§ 404.1520c(b), 416.920c(b). Supportability and consistency are "[t]he most important factors" in this analysis, and accordingly the SSA has promised claimants that it "will explain how [it] considered the supportability and consistency factors . . . in [its] determination or decision" and "may, but [is] not required to, explain how [it] considered the [remaining] factors . . . ." *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

As the R&R notes, Plaintiff's "only argument in support of judgment on the administrative record and remand is that the ALJ failed to properly evaluate medical evidence from an interview and examination conducted by Seigler in 2015." (Doc. No. 20, PageID# 495.) The Acting Commissioner conceded that, when assessing the opinion of Dr. Kathy Seigler, the Kentucky state agency consulting examiner, "the ALJ did not conduct any analysis of the consistency of the opinion with the other evidence as required by 20 C.F.R. § 404.1520c(c)(2) . . . ." (Doc. No. 20, PageID# 478.) Thus, the question at issue is whether this error by the ALJ is harmless. The Sixth Circuit has yet to articulate a harmless-error test under the revised regulations regarding the consideration by ALJs of medical opinions. However, in *Wilson v. Commissioner of Social Security*, the Sixth Circuit previously held that under the treating-physician rule—the rule that these revised regulations replaced—an ALJ's failure to comply could

> only be excused as harmless if the medical opinion "[was] so patently deficient that the Commissioner could not possibly credit it," if the violation [was] irrelevant because the Commissioner "adopt[ed] the opinion . . . or ma[de] findings consistent with [it]," or if the goal of the procedural safeguard [was] otherwise met.

---

medical opinion of a medical source who ha[d] not examined [the claimant]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). Rather than require the ALJ to "evaluate persuasiveness," those regulations—known as the treating physician rule—required an ALJ to give controlling weight to a medical opinion from the claimant's treating physician if the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [the] case record[.]" *Id*. §§ 404.1527(c)(2), 416.927(c)(2).

*Lorraine R. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-00396, 2022 WL 4232839, at *4 (S.D. Ohio Sept. 14, 2022) at *4 (fourth and sixth alterations in original) (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 547 (6th Cir. 2004)).

Adhering to this approach, district courts have applied the *Wilson* harmless-error test to an ALJ's failure to sufficiently articulate their supportability and consistency under the revised regulations, reasoning that such regulations serve the same purposes as the formerly applicable treating-physician rule. *See Musolff v. Comm'r of Soc. Sec.*, No. 1:21-CV-1739, 2022 WL 1571864, at *13 (N.D. Ohio Apr. 27, 2022), *report and recommendation adopted*, 2022 WL 1568478 (N.D. Ohio May 17, 2022) (collecting cases); *Lorraine R.*, 2022 WL 4232839, at *4 (citing *id.*); *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021) (quoting *Wilson*, 378 F.3d at 547); *Greggs v. Kijakazi*, No. 1:22-cv-0041, 2023 WL 3746478, at *9 (M.D. Tenn. May 31, 2023) (first citing *Lorraine R.*, 2022 WL 4232839, at *4–5; and then citing *Musolff*, 2022 WL 1571864, at *13), *report and recommendation adopted*, 2023 WL 4317265 (M.D. Tenn. July 3, 2023).

This Court agrees with the R&R's decision to adopt and apply the *Wilson* harmless-error test to an ALJ's failure to comply with 20 C.F.R. § 404.1520c(b)(2) and § 416.920c(b)(2). Under this test, an ALJ's failure to articulate consideration of the supportability and consistency factors in analyzing a medical opinion "may be harmless when: (1) the opinion is so patently deficient that it could not be credited; (2) the opinion was actually adopted; or (3) the ALJ met the goal of these procedural safeguards, despite failing to strictly comply with the regulations." *Musolff*, 2022 WL 1571864, at *13 (citing *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)).

The last of these circumstances "may take the form of an 'indirect attack,' when the ALJ's analysis of other opinions in the record or of the claimant's ailments calls into question the

supportability of the opinion or its consistency with other evidence." *Musolff*, 2022 WL 1571864, at *13 (citing *Friend*, 375 F. App'x at 551). In other words, "the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is indirectly attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend*, 375 F. App'x at 551 (quoting *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470–72 (6th Cir.2006)). "The key question in determining whether an 'indirect attack' satisfies the spirit of the regulatory framework is whether the analysis as a whole permits the claimant and reviewing court to glean a 'clear understanding' of the reasons the limitations in an opinion were not adopted." *Musolff*, 2022 WL 1571864, at *13 (citing *Friend*, 375 F. App'x at 551).

Given the framework of this harmless error analysis and the Acting Commissioner's concession that the ALJ failed to comply with 20 C.F.R. § 404.1520c(c)(2) (Doc. No. 20, PageID# 478), the question at issue is whether the ALJ nevertheless satisfied the procedural protections at the heart of this rule by indirectly attacking the supportability and consistency of Seigler's opinion through the ALJ's analysis of other physicians' opinions or analysis of the claimant's ailments. The Magistrate Judge correctly concluded that, indeed, when considering ALJ's "written decision as a whole," this case "presents a rare circumstance where the ALJ otherwise complies with the goal of the new regulations by indirectly attacking the supportability and consistency of Seigler's opinion." (Doc. No. 25 at 20).

In his filed objections, Plaintiff asserts that the ALJ's persuasiveness explanation "enables the court to undertake a 'meaningful review' of the ALJ's finding as to whether the medical opinion was supported by substantial evidence." (Doc. No. 26 at 4). This Court agrees, and finds— just as the R&R did—that the ALJ's written decision as a whole is in fact sufficient to "enable[]

the court to undertake a meaningful review" of the ALJ's findings. The Magistrate Judge did not blithely dismiss the issue as a "matter of mere 'procedural error'" as Plaintiff suggests. (Doc. No. 26 at 3). Instead, the R&R specifically examines whether, despite the ALJ's procedural error, the written report as a whole nevertheless provides Plaintiff and the reviewing court with a "clear understanding" of the ALJ's reasons for discounting Seigler's opinion regarding Plaintiff's limitations, and properly concludes that it does. (Doc. No. 25 at 20).

In his report, the ALJ evaluated in detail CMHC treatment records from 2019 to 2020 along with Dr. Kresser's opinion in which Dr. Kresser opined that Plaintiff had only "mild limitations in her ability to understand, remember, or apply[] information" and "moderate limitations in her ability to concentrate, persistence, maintain pace and manage herself." AR 29. The ALJ then explained why this evidence supported limitations for Plaintiff to "simple routine repetitive tasks and occasional changes." AR 29. Dr. Kresser's opinion, which the ALJ credited, is thus inconsistent with Seigler's earlier finding in 2015 that Plaintiff was limited to a "marked" degree in similar areas. AR 282–283. Thus, even though the ALJ did not expressly contrast Dr. Kresser's opinion with Seigler, it is readily apparent that the ALJ effectively concluded that Seigler's opinion was less credible than Dr. Kresser's. The ALJ also articulated why Seigler and Skaggs's opinion was unsupportable by stating that it "is unpersuasive for the current period at issue because it is too old[,]" "was only a one-time evaluation from 2015[,]" and "is not well supported by treatment evidence." AR 27, 29. Taken together, this analysis is sufficient to give Plaintiff and the Court a clear understanding of why the ALJ believed Seigler's opinion did not warrant serious weight in light of the extant conflicting evidence.

In summary, the ALJ's analysis, taken as a whole, is sufficient to give Plaintiff and the Court a clear understanding of the reasons for the weight given to Seigler's opinion. Therefore,

the Court agrees with the recommendation in the R&R to deny Plaintiff's motion for judgment on the administrative record and to affirm the Acting Commissioner's decision denying Plaintiff's applications for DIB and SIB. The Court therefore will overrule Plaintiff's objections and adopt Magistrate Judge's Report and Recommendation. (Doc. No. 25).

## CONCLUSION

For the reasons discussed herein, Plaintiff's objections are overruled, and the Court ADOPTS the Magistrate Judge's Report and Recommendation deny Plaintiff's Motion for Judgment on the Administrative Record. (Doc. No. 25). The motion at Doc. No. 17 is therefore DENIED, and the Court AFFIRMS the Acting Commissioner's decision denying Plaintiff's applications for DIB and SSI.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE